UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLEEN MOORE, an individual,

    Plaintiff,

v.                                                Case No: 2:17-cv-546-FtM-99MRM

SAN CARLOS PARK FIRE
PROTECTION & RESCUE,

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendant's Motion to Strike Amended Complaint Paragraphs 14-23, 34-110, 116, 119 (Second Sentence), 132, and 134, or Alternatively, to Dismiss Time-Barred Allegations (Doc. 22) filed on December 15, 2017. Plaintiff filed a Response in Opposition (Doc. 29) on January 2, 2018. For the reasons set forth below, the Amended Complaint is dismissed without prejudice as a shotgun pleading with leave to amend.

## BACKGROUND

This case involves allegations of a sexually hostile work environment at the San Carlos Fire Department. On December 12, 2017, Plaintiff Colleen Moore (Plaintiff or Moore) filed a three-count Amended Complaint against her former employer, Defendant

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

San Carlos Park Fire Protection and Rescue (Defendant or SCPF) for hostile work environment, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Florida Civil Rights Act. (Doc. 21). Moore alleges that she was subject to harassment and discrimination throughout her 20-year career with SCPF. Moore further alleges that she was constructively discharged in November 2013 in retaliation for her complaints of disparate treatment. Moore subsequently filed her Charge of Discrimination with the Florida Commission on Human Relations and the U.S. Equal Employment Opportunity Commission (EEOC) on February 24, 2014. (Doc. 21-1, "Charge"). She received her Notice of Right to Sue Letter from the EEOC on July 30, 2017. (Doc. 21-2).

The Court notes that Plaintiff's Amended Complaint is 27-pages and 144-paragraphs long and goes into great detail surrounding specific instances of harassment and discrimination directed at her, beginning in 1993, until she was terminated in 2013. Defendant moves to strike, or alternatively dismiss, Paragraphs 14-23, 34-110, 116, 119 (Second Sentence), 132, and 134.

## DISCUSSION

Federal Rules of Civil Procedure 8 and 10 provide the minimum requirements for pleadings. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) further provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A problem arises when a plaintiff fails to follow the rules. One such problem is a "shotgun pleading." A common type of shotgun complaint is a pleading "containing multiple counts

where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See Vibe Micro, Inc. v. Shabanets*, No. 16-15276, 2018 WL 268849, at *2 (11th Cir. Jan. 3, 2018) (citations omitted). This is because, among other things, "[t]hey waste scarce judicial resources, 'inexorably broaden[] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[] the public's respect for the courts.'" *Id.* (citation omitted); *see also Weiland*, 792 F.3d at 1323 (stating [s]hotgun pleadings "in one way or another, [fail] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" (footnoted omitted)). Consequently, when faced with a shotgun pleading, a district court should require the plaintiff to file an amended complaint rather than allow the case to proceed to trial. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing the district court for not policing shotgun pleadings).

Here, the Amended Complaint is a typical shotgun pleading. Paragraphs 10 through 26 set out the "Statement of Facts." (Doc. 21 at ¶¶ 10-26). Paragraphs 27-144 are divided into three counts, two of which Moore "reasserts and states allegations" contained in Count I. (*Id.* at ¶¶ 116, 132). This is impermissible under the pleading requirements. *See Kendall v. Boston Scientific Corp.*, No. 6:17-cv-1888-Orl-37GJK, 2017 WL 6042020, at *2 (M.D. Fla. Dec. 6, 2017). Moore thus must file a second amended complaint.

Accordingly, it is now

**ORDERED:**

(1) The Amended Complaint (Doc. 21) is **DIMISSED without prejudice** to filing a Second Amended Complaint on or before **February 1, 2018**. **Failure to file a timely amended pleading will result in the closing of this case without further notice**.

(2) Defendant's Motion to Strike Amended Complaint Paragraphs 14-23, 34-110, 116, 119 (Second Sentence), 132, and 134, or Alternatively, to Dismiss Time-Barred Allegations (Doc. 22) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of January, 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record