UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLEEN MOORE, an individual

    Plaintiff,

v.                              Case No: 2:17-cv-546-FtM-99MRM

SAN CARLOS PARK FIRE
PROTECTION & RESCUE,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant San Carlos Park Fire Protection & Rescue's Motion to Dismiss/Strike Plaintiff's Third Amended Complaint (Doc. 46), and Plaintiff Colleen Moore's response in opposition (Doc. 47). The undersigned held a hearing on San Carlos' motion on July 12, 2018. (Doc. 53). Both parties appeared with counsel and argued their respective positions. For the following reasons, the Court grants San Carlos' motion.

## BACKGROUND

This is an employment dispute. Moore worked for San Carlos for over twenty years until she resigned in November 2013. During her tenure, Moore claims that she suffered

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

a hostile work environment, retaliation, and disparate treatment because of her sex. For example, she alleges that her supervisors regularly stroked her hair and called her "the girl." She also alleges that she was twice demoted, denied training, had negative shift changes, and had her promotional exams changed to award other people higher ranks than her. In addition, Moore claims that she faced a retaliatory hostile work environment.

After resigning, Moore filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. (Doc. 44-1). In the Charge, she said the earliest date of discrimination was February 1, 2010, and the latest was November 5, 2013. Moore did not check the "Continuing Action" box. (Doc. 44-1). She wrote the following as the "particulars" in the Charge:

> I am a female. I was employed by the Respondent for 20 years. I was subjected to a hostile work environment fduring [sic] my entire employment because of my gender. I was harassed, called "the girl" and disciplined for incidents that other male employees are not disciplined for. On or about February 2010, I was demoted because I did not send a male Driver Engineer to take a drug test. I filed a grievance and won my rank back in 2011 with complete pay. During my demotion I took the Lieutenant and the Battalion Chief test and when I was made whole I became the Battalion Chief. On or about August 2013, Gene Rison was selected as Assistant Chief. Since that time, I have been suspended for two days without pay, disciplined and written up and forced to resign from my position. I was forced to resign because I was demoted from Battalion Chief down 2 ranks and 9 steps to Firefighter 4.
>
> I was told by Gene Rison that I was being demoted due to neglect of duty and my probationary status.
>
> I believe that I have been discriminated against because of my gender and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

2

(Doc. 44-1).

On July 30, 2017, the EEOC issued a Dismissal and Notice of Rights. (Doc. 44-2). The agency was "unable to conclude that the information obtained" violated Title VII. (Doc. 44-2). Moore then filed this suit. (Doc. 1).

This case has generated a lengthy procedural history because of several rounds of pleadings and motions to dismiss. The original complaint asserted three counts for hostile work environment, retaliation, and constructive discharge. (Doc. 1). Three more complaints followed (Docs. 21, 34, 44), each of which San Carlos moved to dismiss as time-barred, for failure to exhaust administrative remedies, and failure to state a claim (Doc. 16, Doc. 22, Doc. 35, Doc. 46). The Court dismissed the First Amended Complaint as a shotgun pleading and denied as moot the corresponding motion to dismiss. (Doc. 31). Moore is now on her Third Amended Complaint. (Doc. 37).

The Third Amended Complaint asserts four counts for hostile work environment, sexual harassment, retaliatory hostile work environment, and constructive discharge. (Doc. 44). San Carlos moves to dismiss this pleading because Moore relies on untimely allegations that cannot provide a basis for liability. (Doc. 46). It also asserts that Moore has failed to exhaust her administrative remedies and cannot state plausible claims. Moore opposes dismissal. (Doc. 46).

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all

3

pleadings adorned with facts to survive the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party does not plead facts that make the claim facially plausible. See *Twombly*, 550 U.S. at 570. A claim is facially plausible when the court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. See *Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*citing Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

## DISCUSSION

As stated, Moore is on her fourth attempt to plead claims against San Carlos. Although Rule 12(b)(6) requires the Court to assume all factual allegations in the Third Amended Complaint as true and draw all reasonable inferences in Moore's favor, there is a limit to the Court piecing together her allegations to move this case past the pleading stage. Indeed, the Third Amended Complaint's structure, lack of dates attached to key facts, and shuffling of allegations forces the Court to make large logical leaps and tenuous arguments on Moore's behalf. That said, the Court will address the parties' arguments in turn, starting with the timeliness of Moore's claims.

**A. Hostile Work Environment (Count One) and Retaliatory Hostile Work Environment (Count Three)**

Moore asserts that she suffered a hostile work environment and retaliatory hostile work environment. San Carlos argues that both counts warrant dismissal because they rely on discrete acts that occurred outside the statutory window. Moore responds that

her allegations are timely because they are part of the same practice of a hostile work environment.

Before addressing timeliness, a brief discussion on the elements of hostile work environment and retaliatory hostile work environment give context to the parties' arguments. Title VII prohibits an employer from discriminating against an individual "with respect to [her] compensation, terms, conditions, or privileges of employment" because of the individual's sex. 42 U.S.C. § 2000e-2(a)(1). Sexual harassment is a form of discrimination that Title VII prohibits, and a hostile work environment is a recognized form of sexual harassment. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) (stating the "discriminat[ion]" prohibited by Title VII includes the creation of a hostile work environment"). A hostile work environment exists when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment." *Gowski v. Peake*, 682 F.3d 1299, 1311 (11th Cir. 2012). To show a hostile work environment, a plaintiff must allege that (1) she belongs to a protected class; (2) she was subjected to unwelcome sexual harassment; (3) she was harassed based on her sex; (4) the harassment affected a term, condition, or privilege of employment and created a hostile work environment; and (5) the employer is liable. *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999).

Relatedly, Title VII recognizes a claim for retaliatory hostile work environment. To prove this type of claim, the plaintiff must allege that (1) she engaged in a statutorily protected activity; (2) she has been subject to unwanted harassment; (3) the harassment was based on her engaging in the protected activity; and (4) the harassment was

5

sufficiently severe or pervasive enough to alter the terms of her employment. *See Gowski*, 682 F.3d at 1311.

Turning to timeliness, a plaintiff in a deferral state like Florida must file an administrative charge of discrimination within 300 days of the last discriminatory act. *See* 42 U.S.C. 2000e-5; *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). Because Moore filed her EEOC Charge on February 27, 2014, discriminatory acts occurring before May 3, 2013, are outside the scope of this action. Moore seems to grasp this limitation, but she nevertheless claims the harassment and retaliation she suffered were a continuing violation that extends the limitations period to 1991 – when she started working at San Carlos.

The timeliness rules differ for discrete acts of discrimination and continuing violations. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Morgan*, 536 U.S. at 113. Discrete acts are "easy to identify" and include "termination, failure to promote, denial of transfer, or refusal to hire." *Id.* at 114. "The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed." *Id.* at 102.

In contrast, "[a] hostile work environment claim is composed of a *series* of separate acts that collectively constitute one unlawful employment practice." *Id.* at 117 (emphasis added). "It does not matter . . . that some of the component acts of the hostile work environment fall outside the statutory time period. *Provided that an act contributed to the*

*claim occurs within the filing period*, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117 (emphasis added). Also, a hostile work environment claim can be a combination of discrete acts and non-discrete acts in certain circumstances. *See Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) ("Where the discrete act is sufficiently related to a hostile work environment claim so that it may be fairly considered part of the same claim, it can form the basis for consideration of untimely, non-discrete acts that are part of the same claim."). In situations where discrete and non-discrete acts make up a hostile work environment claim, like here, the pivotal question is whether the timely discrete acts are sufficiently related to the hostile work environment claim. *Id.*

Despite Moore's argument otherwise, her claims are not timely under the continuation theory. This is because she has not identified a single act falling within the limitations period. Notably absent from the Third Amended Complaint are any time references for her allegations, making it impossible for the Court to decipher whether she has alleged a single, requisite timely act.[2] At best, Moore offers a vague statement that some unidentified timely acts are sufficiently related to her hostile work environment to bring her entire twenty-year tenure into play:

> the allegations in MOORE's Third Amended Complaint encompass discrimination like or related to the allegations in MOORE's EEOC charge and are therefore properly brought in this action. The timely acts alleged in the Amended

---

[2] In addition to removing dates in the Third Amended Complaint, Moore stops naming the specific supervisor who allegedly committed an unwelcomed act. Instead, she only uses the term "supervisor." The generic allegation is problematic because whether the "incidents involved the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers" should be taken into consideration. *Morgan*, 536 at 120. Moore conceded this point at the hearing when she admitted that the acts must pertain to the same type of behavior of the same people.

7

> Complaint are sufficiently related to the hostile work environment claim and are sufficient to bring the entire claim within the statute of limitations. Accordingly, the entire time period of the hostile work environment should be considered for the purposes of determining liability

(Doc. 47 at 7). This allegation is entirely conclusory, which is not enough to allow her claims to proceed.

The Court further gave Moore an opportunity at the hearing to name an act alleged in the Third Amended Complaint that falls within the statutory period. She pointed to a demotion from 2010, which yet again is insufficient. Without an act occurring during the statutory period, both the hostile work environment and retaliatory hostile work environment claims are time-barred.[3] Accordingly, the Court dismisses Counts One and Three.

## B. Sexual Harassment (Count Two)

The Third Amended Complaint also brings a claim for sexual harassment. To support this claim, Moore alleges that (1) "[o]n one occasion early in her career at [San Carlos], one supervisor sequestered MOORE in a locked room alone, grabbed her, kissed her, and placed his hand under Moore's shirt"; (2) "in 2010, a fire inspector grabbed MOORE's buttocks in front of her entire crew during a briefing"; and (3) sometime before 2011, "while on a boat, [a] supervisor surprised MOORE by spraying her t-shirt with water revealing her breasts." (Doc. 44 at ¶¶ 26, 29-30). Because Moore relies on discrete acts

---

[3] Moore also argues a substantial nexus exists between all acts of discrimination in the Third Amended Complaint and her hostile work environment claim. But she does not cite any binding case law to support her position. Instead, she relied on decisions from sister circuits and then summarily stated, "[a] substantial nexus exists among the events described within MOORE's Third Amended Complaint and should be viewed as one unlawful employment practice." (Doc. 47 at 7).

that occurred years before she filed her EEOC charge, the sexual harassment claim is untimely for the same reasons discussed above.

The Court has another reason to dismiss the sexual harassment claim – it is duplicative of the hostile work environment claim.  At the hearing, the Court asked Moore why it should not dismiss the sexual harassment claim as duplicitous.  Moore explained that she separated the causes of action in the Third Amended Complaint because San Carlos previously argued that she was intertwining sex discrimination and sexual harassment allegations.

Moore's explanation did not help.  And her choice to separate the claims has only brought more confusion on what she is alleging.  As the Eleventh Circuit has explained in this context: "[t]here are two types of sexual harassment cases: (1) quid pro quo, which are 'based on threats which are carried out' or fulfilled, and (2) hostile environment, which are based on 'bothersome attentions or sexual remarks that are sufficiently severe or pervasive to create a hostile work environment.'"  *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 582 (11th Cir. 2000) (overruled on other grounds).  Moore's allegations for sexual harassment neither suggest nor support *quid pro quo* harassment, so it seems the sexual harassment claim is duplicative of the hostile work environment claim.  Even under a liberal reading of the sexual harassment allegations, Moore asks the Court to consider all the allegations together to find sexual harassment – which is a quintessential hostile work environment.  As pled, Moore's sexual harassment claim reads like a hostile work environment claim, not a sex discrimination claim.  Accordingly, the Court dismisses Count Two.

**C. Constructive discharge (Count Four)**

Moore's final claim is for constructive discharge. She alleges, "the practices and actions of [San Carlos'] supervisors and decision makers, including the threats of increased hostility, caused MOORE great emotional distress." (Doc. 44 at 11). San Carlos moves to dismiss this claim, arguing that constructive discharge is not a standalone cause of action. San Carlos insists that Moore has already alleged constructive discharge within her hostile work environment, retaliatory hostile work environment, and sexual harassment claims, and thus she cannot assert a separate cause of action. (Doc. 46 at 23). Moore did not address San Carlo's argument in her response to the motion to dismiss.

The threshold to prove constructive discharge is "quite high" — even "higher than the standard for proving a hostile work environment." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1231 (11th Cir. 2001). "In evaluating constructive discharge claims, [courts] do not consider the plaintiff's subjective feelings. Instead, [they] employ an objective standard." *Id.* To succeed on a constructive discharge claim, a plaintiff must show "that working conditions were so intolerable that a reasonable person in [her] position would have been compelled to resign." *Id.* (internal quotations omitted).

At oral argument, the Court asked Moore why it should not dismiss her constructive discharge claim. All Moore argued was "[a]ll the facts that are within the complaint, the third amended complaint, draw to the conditions that she was facing throughout 20 years, even after the arbitration decision the conditions got even worse. So the facts are in the actual complaint." This argument does nothing for Moore. It is, at best, a conclusory statement. Even viewing the Third Amended Complaint in the light most favorable to

10

Moore, she does not allege facts showing that a reasonable person in the same situation would find her working conditions intolerable. *Hipp*, 252 F.3d at 1231. Her allegations also fall short of showing that any harassment was motivated by her sex. Accordingly, the Court dismisses Count Four.

**D. Leave to amend**

A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court need not, however, allow an amendment (1) where there has been . . . [a] repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, Moore has had several opportunities to plead plausible claims against San Carlos, and she has yet to succeed. Given the timeliness issue that Moore faces, allowing her to amend would be futile and unduly prejudicial to San Carlos.

Accordingly, it is now **ORDERED**:

(1) Defendant San Carlos Park Fire Protection & Rescue's Motion to Dismiss/Strike Plaintiff's Third Amended Complaint (Doc. 46) is **GRANTED**. The Third Amended Complaint is **DISMISSED with PREJUDICE**.

(2) The Clerk is **DIRECTED** to enter judgment accordingly, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of August 2018.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

11