UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLEEN MOORE, an individual

    Plaintiff,

v.                                                                    Case No:  2:17-cv-546-FtM-38MRM

SAN CARLOS PARK FIRE
PROTECTION & RESCUE,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Colleen Moore's Motion for Reconsideration of Opinion and Order (Doc. 60), and Defendant San Carlos Park Fire Protection & Rescue's response in opposition (Doc. 65). For the reasons below, the Court denies her motion.

Moore sued San Carlos for workplace harassment, retaliation, and constructive discharge because of her sex.[2] (Doc. 1, Doc. 21, Doc. 34, Doc. 44). She had four attempts to plead her claims against San Carlos. None succeeded. The Court dismissed her final complaint on several grounds: (1) the hostile work environment and retaliatory harassment claims were time-barred, (2) the sexual harassment claim duplicated the hostile work environment claim, and (3) the constructive discharge claim was not plausibly

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] A full review of the underlying facts is unnecessary. The Court has set forth the facts and procedural history at length in previous orders. (Doc. 31, Doc. 54).

pleaded. (Doc. 54). Before issuing its ruling, the Court held oral argument where Moore and her counsel were present. (Doc. 53; Doc. 57). Moore's motion for reconsideration focuses on the Court's dismissal order following oral argument. (Doc. 60).

A district court has considerable discretion in deciding whether to grant a motion for reconsideration. *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). In exercising its discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts. Finality typically prevails because reconsidering an order is an extraordinarily remedy that courts use sparingly. *See Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). Along this line, "a motion for consideration is not a vehicle for rehashing arguments the [c]ourt has already rejected or for attempting to refute the basis for the [c]ourt's earlier decision." *Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012).

"A motion to reconsider should raise new issues, not merely redress issues previously litigated." *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995); *see also Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 8:03-cv-2378, 2005 WL 1053691, at *11 (M.D. Fla. Mar. 30, 2005) (stating "a motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the Court's reasoning"). Such motions "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its[elf]." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Because courts disfavor motions for reconsideration, they recognize only three grounds to reconsider prior orders: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice. *See McCreary v. Brevard Cnty, Fla.,* No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.,* 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter v. Premier Rest. Mgmt.*, No. 2:06-cv-212, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006). Here, Moore raises the availability of new evidence (*i.e.*, statements to the Equal Employment Opportunity Commission ("EEOC") as part of the agency's investigation into her Charge of Discrimination) and "new issues supporting the existence of facts necessary to meet or exceed required pleadings standards" as grounds for reconsideration. (Doc. 60 at 3-4).

As stated, Moore had four opportunities to plead a case against San Carlos. And the final complaint fared no better than those before it. Moore withdrew dates and the offending supervisors' names from the last pleading, making the allegations more convoluted and the claims' timeliness more problematic. But, in an abundance of caution, the Court wanted to hear from Moore before deciding whether to dismiss her case with prejudice. It set a hearing, at which all parties appeared with counsel. (Doc. 53; Doc. 57).

Among the matters discussed, the Court asked Moore questions about the timeliness of her hostile work environment and retaliatory hostile work environment

3

claims. The Court specifically asked what act, discrete or otherwise, occurred during the limitations period to "bootstrap everything else from 20 years into what would be a viable complaint in this case." (Doc. 57 at 10). All Moore noted was an overturned 2010 demotion that led to her work environment becoming "more retaliatory and more hostile." (Doc. 57 at 16-17). This demotion, however, occurred outside the limitations period. Moore could not identify a single act falling within the limitations period. The Court thus was required to dismiss the claims as time-barred. (Doc. 54).

On the constructive discharge claim, the Court asked Moore why it should not dismiss the claim as implausible (notably, Moore did not even address San Carlos' argument to dismiss the claim in her response). Moore vaguely responded, "the facts that are within the complaint, the third amended complaint, draw to the conditions that she was facing throughout 20 years, even after the arbitration decision the conditions got even worse. So the facts are in the actual complaint." (Doc. 57 at 23-24). Because Moore offered nothing to defend the constructive discharge claim, the Court dismissed it too.

Moore now wants this Court to reconsider its dismissal order. As to the hostile work environment and retaliation claims, she says "[t]he Court was factually incorrect to hold that Plaintiff MOORE failed to plead any acts of discrimination and/or harassment within Its [sic] defined statutory period in Its [sic] Opinion and Order (DE 54)." (Doc. 60 at 1). Not so. Moore pled no act contributing to her claims within the filing period despite several opportunities to do so. To correct that deficiency, Moore argues the Court needed to consider all four complaints, the attachments to it, and the EEOC public file into her Charge of Discrimination (*i.e.*, her new evidence) to find timely and plausible claims

4

against San Carlos. This argument is a nonstarter. In our adversarial system, a plaintiff must plead her case to the court. It is not a court's job to sypher through several versions of pleadings and attachments to ascertain if a claim exists. *See, e.g., United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). And the liberal pleading standard has limits, especially when parties are represented by counsel like here. Moore had several opportunities to plead timely claims against San Carlos, which she did not do. It is not the Court that erred.

Moore's argument that this Court needed to consider all four complaints and the attachments is perplexing. Amended complaints supersede previous pleadings. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). After a court accepts an amended pleading, "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Hous. Agency,* 501 F.3d 1241, 1243 (11th Cir. 2007). The Court did not have to (nor could it) consider the previous pleadings in dismissing the last complaint, and Moore offers nothing to suggest otherwise other than her say so.

Finally, Moore's reliance on the EEOC public file as new evidence to warrant reconsideration goes nowhere. Her EEOC public file includes these documents: (1) two letters Moore's then-attorney wrote to the EEOC investigator dated September 12, 2014 and October 31, 2014; (2) Moore's EEOC Intake Questionnaire; and (3) a letter from the EEOC to San Carlos dated March 4, 2014, that requested certain information for the

agency's investigation.  (Doc. 60-1).  Newly discovered evidence for reconsideration purposes must be "evidence that could not have been raised prior to the entry of judgment."  *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).  The first flaw in Moore's new evidence argument is that she had the EEOC public file a week *before* the Court's decision.  Even setting aside this hurdle, she makes no argument that the "substantive information contained in the documents upon which she relies was unavailable earlier."  *M.G. v. St. Lucie Cnty. Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014).

At bottom, Moore presents no argument or evidence to persuade the Court to reconsider its prior decision.  *See Carter*, 2006 WL 2620302, at *1 ("Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.").  Moore is trying to rehash arguments that the Court has rejected or that should have been brought earlier.  Because Moore fails to present an intervening change in the controlling law, new evidence, or the need to correct or prevent manifest injustice, the Court denies her Motion for Reconsideration.

Accordingly, it is now

**ORDERED:**

Plaintiff Colleen Moore's Motion for Reconsideration of Opinion and Order (Doc. 60) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of December 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record